**ALPHA LYRACOM SPACE COMMUNICATIONS, INC., a Delaware Corporation; Reverge Anselmo and Mary Anselmo, executors of the estate of plaintiff Reynold V. Anselmo, an individual, doing business as Pan American Satellite, a sole proprietorship; and Panamsat, L.P., a Delaware limited partnership, Plaintiffs–Appellants,**

v.

**COMSAT CORPORATION, Defendant–Appellee.**

No. 1424, Docket 96–9283.

United States Court of Appeals, Second Circuit.

Argued April 28, 1997.

Decided May 15, 1997.

Daniel R. Shulman, Minneapolis, MN, Joseph M. Alioto, San Francisco, CA (Terry M. Walcott, Shulman, Walcott & Shulman, Minneapolis, MN; Henry Goldberg, Goldberg, Godles, Wiener & Wright, Washington, D.C., on the brief), for plaintiffs-appellants.

Mark D. Wegener, Washington, D.C., Lisa J. Sacks, Martin F. Cunniff, Howrey & Simon, Washington, D.C.; Thomas J. Sweeney, III, Davis, Scott, Weber & Edwards, New York City; Warren Y. Zeger, Keith H. Fagan, COMSAT Corporation, Bethesda, MD (on the brief, for defendant-appellee).

Before: NEWMAN, Chief Judge, MESKILL, Circuit Judge, and CEDARBAUM,* District Judge.

PER CURIAM.

This appeal concerns the narrow question of whether, under a prior decision of this Circuit in the same case, certain activities of

COMSAT Corporation undertaken in its role as the United States representative to the International Telecommunications Satellite Organization ("Intelsat") are immune from discovery and consideration as probative evidence in an antitrust suit. Plaintiffs Alpha Lyracom Space Communications, Inc., Reverge and Mary Anselmo as executors of the estate of Reynold V. Anselmo, an individual doing business as Pan American Satellite, and Panamsat, L.P. (collectively "PAS") appeal from the September 6, 1996, judgment of the United States District Court for the Southern District of New York (John F. Keenan, Judge). Judge Keenan granted the motion for summary judgment of defendant COMSAT and ruled, among other things, that (1) COMSAT's activities in connection with a so-called "boycott resolution," adopted and reaffirmed at meetings of Intelsat, were immune from discovery and could not be considered as evidence to support PAS's antitrust claims under this Court's prior decision in *Alpha Lyracom Space Communications, Inc. v. Communications Satellite Corp.*, 946 F.2d 168 (2d Cir.1991), and (2) the remaining evidence offered by PAS was insufficient to support a reasonable finding that COMSAT had engaged in anticompetitive conduct. *Alpha Lyracom Space Communications, Inc. v. Comsat Corp.*, —— F.Supp. ——, 1996 WL 897666 (S.D.N.Y.1996).

PAS appeals solely from the District Court's judgment insofar as it ruled that PAS could neither base its antitrust claims against COMSAT on the Intelsat boycott resolution nor take discovery from Intelsat and COMSAT concerning the resolution. We affirm these rulings of the District Court on those portions of Judge Keenan's opinion explaining these rulings.

The judgment of the District Court is affirmed.